■ CONSTANCE KLEINBERG, on Behalf of Herself and All Those Similarly Situated, Respondent-Appellant, v MARTIN E. FRANKEL et al.; Appellants-Respondents, and LILLYAN FRANKEL, Respondent. — In an action to recover damages, *inter alia,* for breach of contract, the cross appeals, as limited by the briefs, are from so much of an order of the Supreme Court, Nassau County (McGinity, J.), entered November 23, 1981, as granted plaintiff's cross motion for class action certification to her action and directed that (1) the class shall consist of those of Dr. Frankel's patients who, as a result of the closing of the dental practice, were forced to complete orthodontic treatment with another orthodontist, (2) the notice of a class action shall be made in the manner proposed by plaintiff's counsel, and (3) the cost of such notification is to be borne by plaintiff. Order reversed insofar as appealed from, with one bill of $50 costs and disbursements payable by the plaintiff to defendants appearing separately and plaintiff's cross motion for class certification is denied. By summons dated August 14, 1981, and verified complaint, plaintiff instituted this action on behalf of herself and others similarly situated, *inter alia,* to recover damages for breach of contract against defendants, Dr. Martin E. Frankel, an orthodontist, and Martin E. Frankel, D.M.D., P.C., a professional corporation of which he is president (hereinafter referred to together as Frankel). The complaint alleges that the plaintiff and others entered into contracts with either the corporation or Dr. Frankel whereby she and others were to pay a sum of money prior to receiving orthodonture dental services for themselves or their children, that such contracts were breached by the failure

to render the services from January, 1981 to August, 1981 and/or the closing of the dental office in August, 1981 and that as a result she and others were forced to seek alternate orthodontic treatment at an additional expense. The answer alleges that in February of 1981 Dr. Frankel underwent coronary bypass surgery, and that he did not recover until September, 1981. From the time that Dr. Frankel suffered a heart attack until his return to work in September, with the exception of a four-week period in mid-July and August, defendant corporation had in its employ one or more qualified orthodontists in order to continue the treatment of patients until Dr. Frankel was well enough to return. Accordingly, it is alleged that there was no breach of the contract and that it was plaintiff who terminated the contract of her own free will. The trial court granted plaintiff's cross motion for class action certification. In so doing, it directed that "[t]he class shall consist of the contractual patients of Dr. Martin E. Frankel who, as a result of the closing of the dental practice, were required to complete orthodontia treatment with another orthodontist and thereby sustained financial damage". "CPLR 901 (subd a) authorizes a class action if: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class predominate over any question affecting only individual members; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (*Friar v Vanguard Holding Corp.*, 78 AD2d 83, 90-91). As the affidavits in support and opposition to the cross motion for class certification reveal that plaintiff terminated Frankel's services prior to the closing of the office, plaintiff's resort to another orthodontist did not come about "as a result of the closing of the dental practice". Therefore, plaintiff's claim is not typical of the claims of the class as required by CPLR 901 (subd a, par 3). Plaintiff argues that the class should be redefined to include those persons who contracted with either the corporate defendant or Dr. Frankel and who were forced to seek alternative orthodontia treatment either by the lack of treatment after January, 1981 or by the closing of the office in August of 1981. Even were we to accommodate plaintiff's request, however, class action certification would still be inappropriate as questions of law or fact common to the class fail to predominate over questions affecting individual members of such a class. Although we recognize that "the rule requires predominance, not identity or unanimity, among class members", that "the fact that questions peculiar to each individual may remain after resolution of the common questions is not fatal to the class action" and that "[i]n view of the purposes to be served by the class action device and the ability to reverse or revise the status, * * * 'the interests of justice require that in a doubtful case * * * any error, if there is to be one, should be committed in favor of allowing the class action'" (*Friar v Vanguard Holding Corp., supra*, at pp 98, 100), there is no issue common to the suggested class which, if resolved, would decide the most significant issue in all of the cases to be encompassed by the class (cf. *Mimnorm Realty Corp. v Sunrise Fed. Sav. & Loan Assn.*, 83 AD2d 936; *Friar v Vanguard Holding Corp., supra*) and thus class action certification is not appropriate. It is undisputed in the case at bar that Frankel's office had a licensed orthodontist functioning in some manner from January, 1981 until August, 1981. Since the need of each patient varies, the nature of services to be provided under each particular contract necessarily varies. In any class action the court would have to examine each member of the class, determine what treatment was called for and what treatment was administered, and determine whether there was such a lack of treatment as to constitute a default under the particular contract. The proceeding would inevitably " 'splinter into individual trials' " (see *Strauss v Long Is. Sports,* 60 AD2d 501, 507), and would not " ' "achieve economics of time, effort, and expense, and promote uniformity of division as to persons similarly situ-

ated" ' " (*Friar v Vanguard Holding Corp., supra,* at p 97), thus rendering class action certification inappropriate. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.